UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. TRAVERS,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>    Respondent. | Case No. 17-cv-06126-SI<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 1, 2, 4 |

David Travers, a prisoner currently incarcerated at Corcoran State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

David Travers was convicted in 2005 in Monterey County Superior Court of violations of escape by a prisoner without force and possession of drugs in a place where prisoners are kept. *See* Cal. Penal Code §§ 4530(b), 4573.6. For these convictions he received a sentence of 25 years to life in prison, pursuant to California Penal Code § 1170.12. Docket No. 1 at 73. In 1999, Travers had been convicted in Orange County Superior Court of indecent exposure, *see* Cal. Penal Code § 314, for which he had received a sentence of life with the possibility of parole, pursuant to California Penal Code §§ 667 and 1170.12. Docket No. 1 at 71.

His federal petition for writ of habeas corpus pertains to his sentence, and the way in which the passage of Proposition 57 by California voters impacted that sentence. He has filed numerous unsuccessful habeas petitions in state court.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Travers' petition for writ of habeas corpus concerns the impact of Proposition 57 on his sentence. In a nutshell, he contends that he is entitled to have his sentence recalled, to be resentenced, and then to be released immediately because, in his view, his in-custody time "exceeds both his 'primary offence' and Parole Period as of Nov. 9th, 2017." Docket No. 1 at 5. He alleges that his rights under California Constitution article I, § 32, and several federal constitutional rights have been violated because he has not been resentenced and released.

His claims for relief for alleged violations of California law are summarily dismissed because federal habeas relief is not available for state law errors. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted).

Travers asserts the following claims for violations of his federal constitutional rights: He contends that his Sixth Amendment right to notice of the charges against him has been violated because he has not been informed of the nature and cause of the accusation that supports holding him in custody past November 9, 2016. Docket No. 1 at 32. He also claims that, since his sentence should have ended on November 9, 2016, his continued incarceration violates his Fifth and Fourteenth Amendment rights to due process and equal protection. He further claims that, since his sentence should have ended on November 9, 2016, his continued incarceration amounts

2

to cruel and unusual punishment prohibited by the Eighth Amendment. Docket No. 1 at 32-33.

A.   Proposition 57 Created Only A New Avenue For Parole Consideration

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution. That section provides:

§ 32. Public Safety and Rehabilitation Act of 2016

(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:

(1) Parole Consideration: *Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense*.

(A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

(2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

(b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). The addition of § 32 to the California Constitution is the only change made to the adult criminal justice system in California as a result of Proposition 57.[1]

The text of Proposition 57 does not provide for existing prisoners to be resentenced. Although the state court cases addressing application of Proposition 57 are all unpublished decisions, they have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Dep't of Corr. and Rehab.,* 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). *See, e.g., People v. Patton*, 2018 WL 316967

---

[1] Proposition 57 also changes the juvenile justice system in California by amending California Welfare and Institutions Code sections 602 and 707. This part of Proposition 57 is not discussed further because it is not relevant to Travers' petition. Travers was about 40 years old at the time of the 2005 conviction. *See* Docket No. 1 at 73 (listing his date of birth as being in 1955).

3

(Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition 57 because it only provided a parole opportunity for certain inmates, *Wende* brief was filed in court of appeal; court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); *People v. Smith*, 2017 WL 6350319, *1-2 (Cal. Ct. App. Dec. 13, 2017) (unpublished) (same); *People v. Villagran*, 2017 WL 5664201, *1 (Cal. Ct. App. Nov. 27, 2017) (unpublished) (same); *People v. Harris*, 2017 WL 4230834, *2 (Cal. Ct. App. Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency").

Proposition 57 gives those prisoners convicted of nonviolent felony offenses a state law right to be "eligible for parole consideration after completing the full term for his or her primary offense." Proposition 57 does not require or provide any mechanism for state law prisoners to be resentenced by the courts in which they were convicted.

Since Proposition 57 does not require resentencing, Travers' federal habeas claims that state courts have improperly refused to resentence him must be dismissed. All of his federal claims are based on the erroneous premise that, under Proposition 57, his sentence ended on November 9, 2016. The addition of § 32 to Article I of the California Constitution resulted in him potentially becoming "eligible for parole consideration," but did nothing to undermine the validity of the existing 25-to-life sentence he is serving. Since his sentence did not end on November 9, 2016, his claims that his continued detention past November 9, 2016 violates his Fifth, Sixth, Eighth and Fourteenth Amendment rights are mertiless.

B. A Claim To Enforce Rights Under Proposition 57 Must Be Brought
   In A Civil Rights Action, If It May Be Brought In Federal Court At All

In *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that that a prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas

4

United States District Court
Northern District of California

action. *Nettles*, 830 F.3d at 927-28; *see, e.g., Borstad v. Hartley*, 668 F. App'x 696, 697 (9th Cir. 2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. *Nettles*, 830 F.3d at 935–37.").

Assuming arguendo that Travers wants to force prison officials to comply with the parole provisions of Proposition 57, success on his claims will not necessarily lead to immediate or speedier release from custody and therefore falls outside the core of habeas corpus. If he prevails on his claim that he is entitled to relief under Proposition 57, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. This is because Proposition 57 (if it applies to him) only makes him eligible for parole consideration, and does not command his release from prison. He still must be found suitable for parole before he may be released from prison. If he prevails on any of his claims, the remedy would be a parole consideration hearing rather than an outright release from prison. Under *Nettles*, Travers' only potential recourse in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus.[2]

In an appropriate case, a habeas petition may be construed as a civil rights complaint under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see Nettles*, 830 F.3d at 935-36. Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when *Wilwording* was decided there have been significant changes in the law. For example, the filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed *in forma pauperis*). A prisoner is now required to pay the fee, even if granted *in forma pauperis*

---

[2] Travers argues that section 8 of Proposition 57 authorizes this action because it allows him to sue in any court. *See* Docket No. 1 at 16-17. He misreads the text of the Proposition. The section provides that, if state officials fail to defend the constitutionality of Proposition 57 once it has been approved by the voters, "any citizen of this State shall have the authority to intervene in any court action challenging the constitutionality of this act . . ." Cal. Proposition 57, § 8 (2016). Section 8 has no application to the present situation because Travers is not trying to intervene in an action challenging the constitutionality of Proposition 57. Section 8 also cannot create federal jurisdiction that does not otherwise exist.

5

status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Further, Travers' petition is not amenable to conversion because it does not name the proper defendant or seek the correct relief. *See Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)) (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'")

It is important to note that this court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to a § 1983 as a "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under 42 U.S.C. § 1983. The court only decides today that a habeas petition is the wrong vehicle for a prisoner to pursue enforcement of any federal rights he has as a result of the passage of Proposition 57.

C.   Motion For Appointment of Counsel

Travers has requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action that is being dismissed today. The motion for appointment of counsel is DENIED. Docket No. 4.

D. <u>No Certificate of Appealability</u>

A certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. The dismissal is without prejudice to petitioner filing a new civil rights action asserting his challenges to the implementation of Proposition 57.

Petitioner's *in forma pauperis* application is GRANTED. Docket No. 2.

**IT IS SO ORDERED**.

Dated: February 5, 2018

_____
SUSAN ILLSTON
United States District Judge